## STATE BANK OF DRESDEN v. E. A. WADSWORTH.

(157 N. W. 701.)

**Trial court — findings of — evidence — sufficient.**

Evidence examined, and it is *held* that the trial court's findings are sustained thereby.

Opinion filed April 11, 1916.

From a judgment of the District Court of Cavalier County, *Kneeshaw*, J., defendant appeals.

Affirmed.

*George M. Price*, for appellant.

Parol evidence is always admissible to show a consideration for a written contract, and when that consideration consists in whole or in part of a dependent contract to be performed by the other party, such contract may be shown, and the failure to perform may also be shown by parol evidence, even though such contract be in writing. 1 Greenl. Ev. § 284; 2 Jones, Ev. §§ 478, 507, pp. 1058, 1123; DeRue v. McIntosh, 26 S. D. 42, 127 N. W. 532; Cobb v. Wallace, 5 Coldw. 539, 98

Am. Dec. 435; Blossom v. Griffin, 13 N. Y. 569, 67 Am. Dec. 75; Barnett v. Pratt, 37 Neb. 349, 55 N. W. 1050; Norman v. Waite, 30 Neb. 302, 46 N. W. 639; Ferguson v. Rafferty, 128 Pa. 337, 6 L.R.A. 33, 18 Atl. 484; Hines v. Willcox, 96 Tenn. 148, 34 L.R.A. 824, 54 Am. St. Rep. 823, 33 S. W. 914; Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512; Wood Mowing & Reaping Mach. Co. v. Gaertner, 55 Mich. 453, 21 N. W. 885.

Before any party to an obligation can require another party to perform, he must fulfil all conditions precedent thereto, imposed upon himself; he must be able and offer to perform all concurrent conditions. Comp. Laws 1913, §§ 5774, 5821, 5822.

The law is that a party preventing the performance of a contract can derive no benefit from the failure of the other party to perform. In such case, there is no failure. Comp. Laws 1913, § 5822; Shelly v. Mickkelson, 5 N. D. 22, 63 N. W. 210.

"A default is an omission or a neglect or failure to do something required." 13 Cyc. 759.

"A refusal of a creditor to accept performance before an offer to perform is equivalent to an offer and refusal." Comp. Laws 1913, §§ 5811, 5824; Foster County Implement Co. v. Smith, 17 N. D. 178, 115 N. W. 663; Dorsey v. Barbee, Litt. Sel. Cas. 204, 12 Am. Dec. 296.

A tender is waived when the tenderee makes any declaration which amounts to a repudiation of the contract or takes any position which would render a tender useless or unavailing, as where he expressly says he will not accept the tender, if made. 38 Cyc. 136; McPherson v. Fargo, 10 S. D. 611, 66 Am. St. Rep. 723, 74 N. W. 1057; Weinberg v. Naher, 51 Wash. 591, 22 L.R.A.(N.S.) 956, 99 Pac. 736; United States L. Ins. Co. v. Lesser, 126 Ala. 568, 28 So. 646.

*W. A. McIntyre*, for respondent.

An offer of performance must be free from any conditions which the creditor is not bound on his part to perform. Comp. Laws 1913, § 5809; McVeety v. Harvey Mercantile Co. 24 N. D. 245, 139 N. W. 586, Ann. Cas. 1915B, 1028.

There is no way in which a lien may be destroyed, except by tender as provided by statute. Comp. Laws 1913, §§ 5815, 5819; Kronebusch v. Raumin, 6 Dak. 243, 42 N. W. 656; Jones, Chat. Mortg. §§ 632 et seq.

A vendee to whom personal property has been transferred under an executed sale cannot maintain an action upon the implied warranty of title, nor interpose the breach of such implied warranty as defense to an action for the purchase price, in the absence of fraud, and without showing actual damage. Hull v. Caldwell, 3 S. D. 451, 54 N. W. 100; Higbie v. Rogers, — N. J. Eq. —, 48 Atl. 554; Davis v. Burgess, 7 Ky. L. Rep. 837.

In the case of an express warranty of title to chattels sold, a defective title cannot be set up in defense of an action for the purchase money before eviction. Brown v. Smith, 5 How. (Miss.) 387; McGiffin v. Baird, 62 N. Y. 329.

CHRISTIANSON, J. This is an action for the foreclosure of a chattel mortgage given by the defendant to one Fred Krueger, and by him assigned to the plaintiff. The complaint is in the usual form. The defendant in his answer admits the execution and delivery of the note and mortgage, and asserts as his sole defense that at the time of the execution of the note and chattel mortgage there was an agreement that if the note was paid within thirty days from its date that no interest would be charged, and that a discount of 4 per cent of the face of the note would be allowed; that the note and mortgage involved in this action were executed in payment of certain personal property purchased by the defendant from said Fred Krueger, and that said Krueger warranted the title thereto; and that at the time of such sale and for a long time thereafter, valid liens and encumbrances existed against such property, and that said Krueger did not at the time of said sale nor for a long time thereafter have a good, clear, or unencumbered title to the property sold to the defendant; that defendant executed the promissory note and chattel mortgage involved in this action without knowledge of such encumbrances. The case was tried upon the issues framed by these pleadings, and the trial court rendered a judgment in favor of the plaintiff for the full amount claimed, and decreed a foreclosure of the chattel mortgage. Defendant has appealed from this judgment, and demanded a trial de novo in this court.

The controlling and undisputed facts in this case are as follows: On the 16th day of October, 1911, one Fred Krueger held an auction sale of his chattels, and at such sale the defendant purchased certain chattels of

the aggregate value of $857.50, in payment of which he executed and delivered the note and chattel mortgage involved in this action. The note was dated October 16, 1911, bore interest at the rate of 10 per cent per annum, and became due November 1, 1912. One John Terhaar, the cashier of the plaintiff, acted as clerk of the sale and prepared the note and mortgage. Shortly after the sale, the plaintiff purchased the note from Krueger, and thereby became, and since that time has been, the owner and holder thereof. At the time of the sale the defendant, Wadsworth, was told that if he paid for the chattels purchased within thirty days from the sale, he would be given a discount of 4 per cent, and no interest would be charged, and the note and mortgage would be canceled and returned to him.

At the time of the sale a chattel mortgage in favor of the Bank of Evansville, Evansville, Minnesota, which covered a portion of the chattels purchased by defendant, appeared of record. This mortgage was not releaesd, until on the 7th of November, 1912, but it is undisputed that the note secured thereby had been fully paid on October 9, 1911. A mortgage in favor of the Rumely Company, also, appeared unsatisfied, but it is undisputed that the Rumely Company's mortgage had not only been paid, but that a release thereof had been filed in the office of the register of deeds of Cavalier county on March 23, 1911. It is therefore undisputed that Fred Krueger, at the time of the sale, had a good title to the chattels sold, free and clear of all liens and encumbrances. It is conceded that the defendant has not paid the note, and that he made no offer or tender to do so until about March 15, 1913, at which time he tendered an amount concededly considerably less than the amount due upon the note at that time, and defendant's tender was not made until after the note and mortgage had been placed in the hands of the plaintiff's attorney for foreclosure, and after plaintiff's attorney had demanded payment and threatened foreclosure proceedings unless payment was made.

The plaintiff raised no question as to the validity of the oral agreement for the allowance of a 4 per cent discount if the note was paid within thirty days after its date, but repeatedly gave defendant an opportunity to avail himself thereof, and upon the trial plaintiff conceded the existence of such agreement, and signified a willingness to abide by its terms, but plaintiff did claim that defendant, by his con-

duct and by reason of his failure to pay the note within the time agreed upon, had forfeited all right to claim the benefit of such agreement. Upon the trial defendant testified that at the time of the execution of the note and mortgage Mr. Terhaar agreed to procure releases of the mortgages appearing of record against the property purchased by the defendant, and defendant claims that by reason of this agreement he was not required to pay the note until such releases had been obtained. Mr. Terhaar denied that any such conversation took place. In this court appellant's argument is confined almost solely to the proposition that defendant was not required to pay the note until such chattel mortgages were released.

As already stated the testimony upon this question was squarely in conflict, and we do not pass upon the question whether evidence of such parol agreement was admissible; nor do we pass upon the question whether such agreement, if established, would constitute a defense. But it is sufficient to say that no such agreement was pleaded in the defendant's answer, and the evidence (even if admissible) fails to show that such agreement existed. The defense set forth in the answer to the effect that the property purchased by the defendant was encumbered was conclusively disproved upon the trial. It is undisputed that the defendant failed to pay the note within thirty days after its date, and failed to tender payment until about seventeen months after the date of the note. Under these circumstances it seems self-evident that defendant has no right to claim the benefit of the agreement for allowance of a discount. He has concededly failed to perform the condition upon which a discount would be allowed. The findings of fact of the trial court meet with our entire approval. It is inconceivable how any reasonable man could have found otherwise. Defendant has no cause to complain of the judgment, and the same must be affirmed. It is so ordered.